IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH JONES and BETSY JONES,** | : | |
| Plaintiffs | : | |
| | : | Civil Action No. 4:11-cv-1179 |
| v. | : | |
| | : | |
| **SOUTH WILLIAMSPORT SCHOOL** | : | (Chief Judge Kane) |
| **DISTRICT, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court are two motions: (1) Defendant Blue Cross of Northeastern Pennsylvania's ("Blue Cross") amended motion to dismiss the amended complaint as to all claims against Blue Cross (Doc. No. 26); and (2) Defendants South Williamsport Area School District ("SWASD") and Lycoming County Insurance Consortium Pooled Trust's ("Lycoming Trust") motion for judgment on the pleadings on Count I of Plaintiffs' amended complaint (Doc. No. 31). For the reasons that follow, the Court will grant in part and deny in part Blue Cross's motion, and grant SWASD and Lycoming Trust's motion.

**I.   BACKGROUND**

On June 21, 2011, Plaintiffs Ralph and Betsy Jones initiated this action by filing a complaint against Defendant Blue Cross. (Doc. No. 1.) On August 2, 2011, Plaintiffs filed an amended complaint, adding Defendants SWASD and Lycoming Trust. (Doc. No. 7.) According to their amended complaint,[1] Plaintiffs Ralph and Betsy Jones obtained health insurance

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

coverage through Plaintiff Betsy Jones's employer, SWASD. (Id. ¶ 10.) SWASD is the self-administrator and insurer of a health insurance policy issued to Plaintiffs ("the Policy"). (Id. ¶ 8.) Lycoming Trust is the plan administrator of the Policy, and Blue Cross is the claims administrator of the Policy. (Id. ¶ 10.) The Policy is administered pursuant to the terms of an Administrative Services Agreement, executed by Lycoming Trust as the plan administrator and designee of SWASD, and First Priority Life Insurance Company, a licensee of Blue Cross.[2] (Doc. No. 27-1.)

On December 10, 2010, Plaintiff Ralph Jones underwent spinal surgery, performed by Rodwan Rajjoub, M.D., at the Williamsport Hospital for a pathologic fracture to the vertebra. (Doc. No. 7 ¶ 17.) Prior to the surgery, Plaintiffs allege that Dr. Rajjoub contacted Blue Cross, and that Blue Cross verified that the surgery, a kyphoplasty, would be covered under the terms of the Policy. (Id. ¶¶ 18-19.) However, after the surgery, Blue Cross determined that the procedure was experimental in nature and denied benefits to Plaintiff Ralph Jones. (Id. ¶¶ 21, 24.) On March 24, 2011, Plaintiffs filed a grievance with SWASD and Blue Cross, requesting an appeal of Blue Cross's determination. (Id. ¶ 23.) Thereafter, Plaintiffs' appeal was denied. Defendant SWASD has not paid Dr. Rajjoub or the Williamsport Hospital for Plaintiff Ralph Jones's surgery. (Id. ¶ 32.)

## II.   BLUE CROSS'S MOTION TO DISMISS

### A.   Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the

---

[2] Because First Priority is a licensee of Blue Cross, wherever First Priority appears in the Administrative Services Agreement, it is interchangeable with Blue Cross.

complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**B.     Discussion**

In their amended complaint, Plaintiffs asserted the following causes of action against Blue Cross: (1) a breach of fiduciary duty claim (Count VI); (2) a claim under the Employee Retirement Income Security Act ("ERISA"), seeking a declaration of Plaintiffs' rights under the

Policy pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count VII); (3) an ERISA claim, seeking to recover insurance benefits due and to enforce the Policy pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count IX); (4) a claim for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) (Count VIII); (5) and a claim for interest pursuant to 29 U.S.C. § 1132(a)(3)(B) (Count X).  (Doc. No. 7 ¶¶ 67-96.)  Plaintiffs have also informed Blue Cross that they are asserting a breach of contract claim against it based on paragraphs 9, 76, and 80-82 of their amended complaint.  (Doc. No. 27-3.)  In its amended motion to dismiss, Blue Cross asks the Court to dismiss each of these causes of action.  (Doc. No. 26.)  The Court will address each claim in turn.

### 1. Breach of Fiduciary Duty

In Count VI, Plaintiffs allege that Blue Cross breached their fiduciary obligations to Plaintiffs under the Policy by refusing to pay Plaintiffs' claim (Doc. No. 7 ¶ 72.)  Blue Cross moved to dismiss this claim, arguing that: (1) Pennsylvania law does not recognize common law tort actions for breach of fiduciary duty in the context of insurance cases; (2) Plaintiffs' fiduciary duty claim also fails under ERISA, as Blue Cross is not a fiduciary under ERISA; and (3) even if Blue Cross were a fiduciary under ERISA, Plaintiffs have not properly pleaded a fiduciary duty claim.  (Doc. No. 27 at 9-13.)

First, Blue Cross argues that fiduciary duty claims are not recognized in Pennsylvania in the context of insurance cases.  Plaintiffs have offered no response to this argument, and the Court agrees that Plaintiffs cannot state a common law breach of fiduciary duty claim in this case.  "In Pennsylvania, there is no separate tort-law cause of action against an insurer for negligence and breach of fiduciary duty: such claims must be brought in contract."  Ingersol-Rand Equip. Corp. v. Transp. Ins. Co., 963 F. Supp. 452, 453-54 (M.D. Pa. 1997) (citing Greater

N.Y. Mut. Ins. Co. v. North River Ins. Co., 872 F. Supp. 1403, 1406, 1409 (E.D. Pa. 1995), aff'd, 85 F.3d 1088 (3d Cir. 1996); Gedeon v. State Farm Mut. Auto. Ins. Co., 188 A.2d 320, 321 (Pa. 1963); Cowden v. Aetna Cas. & Sur. Co., 134 A.2d 223, 227 (Pa. 1957)). Thus, Plaintiffs do not state a common law breach of fiduciary duty claim against Blue Cross.

Blue Cross next argues that Plaintiffs have also failed to state a claim for breach of fiduciary duty under 29 U.S.C. § 1104(a)(1). (Doc. No. 27 at 11.) An entity is a fiduciary with respect to a plan if it exercises discretionary authority or discretionary control respecting management of the plan or if it has discretionary authority in the administration of the plan. 29 U.S.C. § 1002(21)(A). One who makes determinations as to whether or not a claimant is entitled to benefits under the terms of a plan is a fiduciary. Aetna Health Inc. v. Davila, 542 U.S. 200, 219-20 (2004). However, fiduciary status does not attach to those who perform "purely ministerial functions." 29 C.F.R. § 2509.75-8.

Here, Blue Cross argues that it is not a fiduciary under the ERISA standard, because it is not a "named fiduciary" and it does not have final authority regarding determination of benefits. (Doc. No. 27 at 11.) In response, Plaintiffs argue that a determination as to who exercised control over the administration of benefits is premature at this stage. (Doc. No. 29 at 5-6.) The Court agrees. Considering the allegations of the amended complaint in the light most favorable to Plaintiffs, Plaintiffs have alleged sufficient facts to support an inference that Blue Cross exercised discretionary authority in denying Plaintiff Ralph Jones's claim. Plaintiffs have alleged that Blue Cross is a claims administrator "who is responsible for benefit determinations and review of denial of claims." (Doc. No. 7 ¶ 15.) Thus, the Court is satisfied that Plaintiffs have alleged sufficient facts to support the inference that Blue Cross is a fiduciary and acted as a

fiduciary in its denial of Plaintiff Ralph Jones's claim. See Aetna, 542 U.S. at 219-20 ("[A] benefit determination is part and parcel of the ordinary fiduciary responsibilities connected to the administration of a plan.").

Next, in the alternative, Blue Cross argues that, even if the Court finds that Blue Cross is a fiduciary under ERISA, Plaintiffs have not properly pleaded a fiduciary duty claim. Plaintiffs summarily responded, arguing that they have pleaded sufficient facts to support their claim. (Doc. No. 29 at 6.) ERISA imposes certain duties on fiduciaries. Pursuant to 29 U.S.C. § 1104(a)(1), "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." The statute provides that a fiduciary must exercise "care, skill, prudence, and diligence under the circumstances," and diversify "the investments of the plan so as to minimize the risk of large losses." 29 U.S.C. § 1104(a)(1)(B), (C). The Third Circuit has interpreted this statute as imposing a duty on fiduciaries to not "materially mislead those to whom the duties of loyalty and prudence are owed." Adams v. Freedom Forge Corp., 204 F.3d 475, 792 (3d Cir. 2000).

"When a fiduciary exercises a power with which it has been vested, a mere mistake in exercising that authority will not render it liable for the resulting loss." Miller v. Mellon Long Term Disability Plan, 721 F. Supp. 2d 415, 445 (W.D. Pa. 2010) (citing Leckey v. Stefano, 501 F.3d 212, 224 (3d Cir. 2007)). Rather, in order to state a claim for breach of fiduciary duty under ERISA, a plaintiff must establish fault in the form of either negligence or bad faith. Leckey, 501 F.3d at 224. However, a fiduciary duty claim can also arise when an ERISA fiduciary misleads a plan participant. In order to prevail on such a claim, a plaintiff must establish that "(1) the defendant was acting in a fiduciary capacity; (2) the defendant made

affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries; (3) the misrepresentation or inadequate disclosure was material; and (4) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure." In re Unisys Corp. Retiree Med. Benefits ERISA Litig., 579 F.3d 220, 228 (3d Cir. 2009) (quoting Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., U.A.W. v. Skinner Engine Co., 188 F.3d 130, 148 (3d Cir. 1999)) (internal quotation marks omitted).

     Here, Plaintiffs have alleged that Blue Cross breached its fiduciary obligations by "fail[ing] to act promptly in processing Plaintiffs' claim and by failing and refusing to pay said claim." (Doc. No. 7 ¶ 71.) Plaintiffs have also alleged that Blue Cross breached its duties by failing to "provide payment to the surgeon and hospital as previously authorized by the Defendant to the surgeon." (Id. ¶ 73.) Thus, Plaintiffs' allegations can be construed to complain not only that Blue Cross denied Plaintiff Ralph Jones's claim, but also that Blue Cross misrepresented to them that the surgery would be covered. Plaintiffs' allegations, if true, would support an inference: (1) that Blue Cross acted as a fiduciary by communicating about the plan with beneficiaries; see Adams, 204 F.3d at 492 ("A plan administrator . . . acts as a fiduciary when explaining plan benefits and business decisions about plan benefits to its employees."); (2) that Blue Cross misrepresented that the surgery would be covered; (3) that such misrepresentation was material, see Unisys, 579 F.3d at 228 (explaining that a misleading statement is material if there is a substantial likelihood that it would mislead a beneficiary to make a harmful decision regarding benefits); and (4) that Plaintiffs detrimentally relied on Blue Cross's representation by agreeing to a surgery that Blue Cross later determined was not covered. Accordingly, Plaintiffs have alleged sufficient facts to support a breach of fiduciary

duty claim against Blue Cross, and the Court will deny this portion of Blue Cross's motion to dismiss.

### 2. ERISA Declaration of Rights and Recovery of Benefits Claims

Next, Plaintiffs bring four ERISA claims pursuant to 29 U.S.C. § 1132. Plaintiffs seek a declaration of their rights under the Policy (Count VII), and to recover benefits due under the Policy (Count IX), both pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiffs also seek attorney's fees and costs (Count VIII), and interest (Count X). Blue Cross argues that all of these claims should be dismissed, as Blue Cross is not a "plan administrator," and thus is not a proper defendant. (Doc. No. 27 at 13.)

The Third Circuit has held that, "[i]n a § 1132(a)(1)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only)." Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007). Furthermore, the Third Circuit has explained that "[e]xercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558 (3d Cir. 2009).

Here, while Blue Cross is not "designated [as a plan administrator] in the terms of the instrument under which the plan is operated," 29 U.S.C. § 1002(16)(A)(i), Plaintiffs have alleged that Blue Cross is a claims administrator who is responsible for benefit determinations and review of denial of claims. (Doc. No. 7 ¶ 15.) The Court finds that, by alleging that Blue Cross exercised responsibility for making benefit determinations and reviewing denials of claims, Plaintiffs have alleged sufficient facts to support a finding that Blue Cross exercised control over the administration of benefits. Thus, Plaintiffs have alleged sufficient facts to support a finding

that Blue Cross is a proper nominal defendant for Plaintiffs' Section 1132(a)(1)(B) claims.  See Haisley v. Sedgwick Claims Mgmt. Servs., Inc., 776 F. Supp. 2d 33, 44-45 (W.D. Pa. 2011) (claims administrator is a proper nominal defendant for a Section 1132(a)(1)(B) claim). Accordingly, the Court will deny this portion of Blue Cross's motion to dismiss.  The Court notes, however, that Blue Cross is merely a nominal defendant with respect to Plaintiffs' claims in Counts VII and IX, and that any judgment against Blue Cross in its official capacity would be enforceable only against the plan.  See 29 U.S.C. § 1132(d)(2).

Blue Cross also moves to dismiss Plaintiffs' claims for attorney's fees and costs (Count VIII) and for interest (Count X), arguing that Blue Cross is not a proper ERISA defendant. However, the Court has determined that Blue Cross is a proper nominal defendant, and thus the Court will deny this portion of Blue Cross's motion to dismiss.  Accordingly, Plaintiffs' claims in Counts VIII and X will not be dismissed at this stage.

### 3. Breach of Contract Claim

Next, Blue Cross moves to dismiss Plaintiffs' breach of contract claim. (Doc. No. 27 at 16-19.)  While there is no separate breach of contract count against Blue Cross in Plaintiffs' amended complaint, Plaintiffs argue that they have pleaded sufficient facts to support a breach of contract claim under a third-party beneficiary theory. (Doc. No. 29 at 6-8.)  In Pennsylvania, there is a two-part test for determining whether a party is an intended third-party beneficiary: (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.  Guy v. Liederbach, 459 A.2d 744, 751 (Pa. 1983).

Furthermore, "in order for one to achieve third-party beneficiary status, that party must show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed." Burks v. Fed. Ins. Co., 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005).

Plaintiffs argue, in their brief in response to Blue Cross' motion to dismiss, that members of the plan were intended beneficiaries of an agreement between Blue Cross, Lycoming Trust and SWASD. (Doc. No. 29 at 7-8.) However, Plaintiffs did not allege in their amended complaint that the parties to this agreement intended for the members of the plan to benefit from the agreement. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Corp., 745 F.2d 1101, 1107 (7th Cir. 1984)). Because Plaintiffs have not alleged sufficient facts in their amended complaint to support a finding that they were intended beneficiaries, the Court will dismiss Plaintiffs' breach of contract claim.

Furthermore, leave to amend Plaintiffs' breach of contract claim against Blue Cross would be futile. For the reasons set forth in Section III.B of this memorandum, the breach of contract claim is preempted by ERISA, because it relates to an employee benefit plan. Accordingly, the Court will dismiss Plaintiffs' breach of contract claim against Blue Cross with prejudice.

## III. SWASD AND LYCOMING TRUST'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Standard of Review

At any time after the pleadings close and so as not to delay trial, a party may move for a

judgment on the pleadings. Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). A motion for judgment on the pleadings will not be granted unless the moving party clearly establishes that there are no material issues of fact, and he or she is entitled to judgment as a matter of law. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008).

  **B.**  **Discussion**

  In their amended complaint, Plaintiffs bring five claims against Defendants SWASD and Lycoming Trust: (1) a breach of contract claim (Count I); (2) an ERISA declaration of rights claim pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count II); (3) an ERISA claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (Count IV); (4) a claim for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) (Count III); (5) and a claim for interest pursuant to 29 U.S.C. § 1132(a)(3)(B) (Count V). SWASD and Lycoming Trust moved for judgment on the pleadings as to Plaintiffs' breach of contract claim in Count I. (Doc. No. 30.) SWASD and Lycoming Trust argue that Plaintiffs' breach of contract claim is preempted by ERISA. (Doc. No. 31 at 3-8.) In response, Plaintiffs argue that they have set forth an intended beneficiary claim against SWASD and Lycoming Trust and that "breach of contract principles appl[y] as a matter of federal law to govern a claim for benefits due under an ERISA Plan." (Doc. No. 34 at 3-5.)

  ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc, 463 U.S. 85, 90

(1983). In order to encourage employers to provide employee benefit plans, Congress sought to simplify the regulatory environment by enacting a federal statute that preempts state law, thereby eliminating "conflicting or inconsistent State and local regulation of employee benefit plans." Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 9 (1987) (quoting 120 Cong. Rec. 29197, 29933 (1974)). Pursuant to ERISA's preemptive provisions, if a state law relates to employee benefit plans, it is pre-empted unless the law regulates insurance. 29 U.S.C. § 1144(a), (b)(2)(A)). In other words, "state laws providing alternative enforcement mechanisms" for employee benefits plans are preempted by ERISA. N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995). More specifically, claims seeking to "rectify a wrongful denial of benefits promised under ERISA-regulated plans" are preempted by ERISA. Aetna, 542 U.S. at 214.

      Here, Plaintiffs' breach of contract claim relates to an employee benefit plan. In their amended complaint, Plaintiffs assert that SWASD and Lycoming Trust breached their contractual obligations by failing to make payment on Plaintiff Ralph Jones's claim for insurance benefits under their "health insurance policy which is covered by ERISA pursuant to 29 U.S.C. Section[s] 1002(1), 1003(a) and 1132(d)." (Doc. No. 7 ¶¶ 13, 41.) Thus, Plaintiffs' breach of contract claim merely seeks to "rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[]." See Aetna, 542 U.S. at 214. Therefore, Plaintiffs' breach of contract claim is entirely preempted by ERISA, and the Court will grant SWASD and Lycoming Trust's motion for judgment on the pleadings and dismiss with prejudice Plaintiffs' Count I.

### IV.   CONCLUSION

      For the foregoing reasons, the Court will grant in part Blue Cross's motion to dismiss

(Doc. No. 26), and grant SWASD and Lycoming Trust's motion for judgment on the pleadings (Doc. No. 30). The Court will dismiss with prejudice Plaintiffs' breach of contract claim as against Blue Cross. The Court will not dismiss Plaintiffs' ERISA claims in Counts VI-X. The Court will dismiss with prejudice Plaintiffs' breach of contract claim against SWASD and Lycoming Trust (Count I).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RALPH JONES and BETSY JONES,** : <br> Plaintiffs : <br> : | Civil Action No. 4:11-cv-1179 |
| v. : <br> : | |
| **SOUTH WILLIAMSPORT SCHOOL** : <br> **DISTRICT, et al.,** : <br> Defendants : | (Chief Judge Kane) |

**ORDER**

   **AND NOW**, on this 25th day of January 2012, **IT IS HEREBY ORDERED** that:

1.   Blue Cross's motion to dismiss (Doc. No. 26) is **GRANTED IN PART**, as follows:

   A.   Plaintiffs' breach of contract claim against Blue Cross is **DISMISSED WITH PREJUDICE**.

   B.   Blue Cross's motion is **DENIED** as to Counts VI-X.

2.   SWASD and Lycoming Trust's motion for judgment on the pleadings (Doc. No. 30) is **GRANTED**. Plaintiffs' breach of contract claim against SWASD and Lycoming Trust (Count I) is **DISMISSED WITH PREJUDICE**.

3.   A case management telephone conference will be held on February 16, 2012 at 11:00 a.m. Counsel for Plaintiffs shall initiate this call. The Court's telephone number is (717) 221-3990.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania