IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH JONES and BETSY JONES, | : | |
|     Plaintiffs | : | |
| | : | Civil Action No. 4:11-cv-1179 |
| v. | : | |
| | : | |
| SOUTH WILLIAMSPORT SCHOOL | : | (Chief Judge Kane) |
| DISTRICT, et al., | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Before the Court are Defendants' joint motion to dismiss Plaintiffs' amended complaint (Doc. No. 40), and Plaintiffs' motion to amend the Court's order dismissing their state law claims (Doc. No. 50). For the reasons that follow, the Court will grant both motions.

Plaintiffs Ralph and Betsy Jones initiated this action by filing a complaint on June 21, 2011, challenging Defendant Blue Cross's denial of Plaintiff Ralph Jones's medical insurance claim. Plaintiffs filed an amended complaint on August 2, 2011, bringing state law claims and ERISA claims against Defendants Blue Cross, South Williamsport Area School District, and Lycoming County Insurance Consortium Pooled Trust ("Lycoming Trust"). On January 24, 2012, the Court granted in part Defendants' motions to dismiss and dismissed Plaintiffs' state law claims with prejudice. (Doc. No. 35.)

On March 29, 2012, Defendants filed the instant motion to dismiss, arguing that the Court lacks subject matter jurisdiction. (Doc. No. 40.) Specifically, Defendants argue that the plan maintained by the Lycoming Trust is a governmental plan and thus is not subject to ERISA's regulation of employee benefits plans. 29 U.S.C. § 1003(b)(1). In support of this argument, Defendants have put forth evidence that all members of the Lycoming Trust are public

1

schools and that Lycoming Trust is thereby a government entity. (Doc. Nos. 45, 48.) ERISA defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32).

On June 18, 2012, the Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction, and permitted Plaintiffs to present facts by affidavit or deposition in support of their jurisdictional contention. (Doc. No. 49.) Instead, Plaintiffs conceded that ERISA does not govern this action and filed a motion asking the Court to vacate its January 24, 2012 order dismissing Plaintiffs' state law claims. (Doc. No. 50.)

A federal court has a continuing obligation to satisfy itself of its subject matter jurisdiction. Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for lack of subject matter jurisdiction. Further, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, a federal court must dismiss an action upon determining that it lacks subject matter jurisdiction. Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Plaintiffs conceded that ERISA does not govern this action. (Doc. No. 50 ¶ 14.) Thus, the Court must dismiss this action for want of subject matter jurisdiction.

Plaintiffs ask the Court to vacate its order dismissing their state law claims as preempted by ERISA. (Doc. No. 50.) Defendant Blue Cross asserts that Rule 60(b)(4) does not apply, because the Court's January 24, 2012 order was not a final judgment. (Doc. No. 54.) Rule

60(b)(4) of the Federal Rules of Civil Procedure provides that a court may vacate a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). While Rule 60(b)(4) relates to judgments, the Court also has inherent power to modify its interlocutory orders. See Farr Man & Co., Inc. v. M/V Rozita, 903 F.2d 871, 874-75 (1st Cir. 1990) ("As an interlocutory order, the order . . . was subject to the district court's discretionary power to alter it at any time prior to the entry of the final decree. The district court was under no stricture to comply with the requirements of Rule 60(b) . . . ."). Because the parties incorrectly asserted that ERISA governed this cause of action, the Court dismissed Plaintiffs' state law claims with prejudice, holding that those claims were preempted by ERISA. The parties now agree that the Court lacked subject matter jurisdiction to make such a determination, and that ERISA does not govern this action. Thus, the Court will vacate its January 24, 2012 order.

**ACCORDINGLY**, on this 29th day of November 2012, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 40) is **GRANTED**, Plaintiffs' motion to amend (Doc. No. 50) is **GRANTED**, and the Court's January 24, 2012 order (Doc. No. 35) is **VACATED**.

**IT IS FURTHER ORDERED THAT** the above-captioned action is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

s/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania